

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*
*Special Prosecutions Division*

---

*970 Broad Street, Suite 700*  (973) 645-2700
*Newark, New Jersey  07102*

November 24, 2020

Bruce Koffsky, Esq.
Koffsky & Felsen LLC
1150 Bedford St.
Stamford, CT 06905

      Re: <u>Plea Agreement with Bomani Africa</u>

Dear Mr. Koffsky:

      This letter sets forth the plea agreement between your client, Bomani Africa ("Africa"), and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement is contingent upon the approval of the Department of Justice, Capital Case Section.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Africa to an Information that charges him with conspiring to travel in interstate commerce and using an interstate facility with the intent to commit murder-for-hire, contrary to N.J.S.A. § 2C:11-3, in violation of Title 18, United States Code, Section 1958. If Africa enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Africa for conspiring to travel in interstate commerce and using an interstate facility with the intent to commit the murder-for-hire of the Victim on or about May 22, 2014.

      If a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Africa agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Africa may be commenced against him, notwithstanding the expiration of the limitations period after Africa signs the agreement.

<u>Sentencing</u>

      The violation of 18 U.S.C. § 1958 to which Africa agrees to plead guilty carries a statutory mandatory minimum and statutory maximum prison sentence of death or life imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any

pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Africa is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Africa ultimately will receive.

Further, in addition to imposing any other penalty on Africa, the sentencing judge: (1) will order Africa to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Africa to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; (3) must order forfeiture pursuant to 18 U.S.C. § 982(a)(1); and (4) pursuant to 18 U.S.C. § 3583, may require Africa to serve a term of supervised release of not more than five (5) years, which will begin at the expiration of any term of imprisonment imposed. Should Africa be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Africa may be sentenced to not more than five (5) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Africa by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Africa's activities and relevant conduct with respect to this case.

Stipulations

This Office and Africa agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. If this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be

materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Africa from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Africa waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Africa agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Africa shall forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the murder for hire offense charged in the Information.

Africa further consents to the entry of a forfeiture money judgment in the amount representing the proceeds of the offenses charged in the Information (the "Money Judgment"). Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check. The Defendant shall cause said check to be delivered to the Asset Recovery and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

Africa waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Africa consents to the entry of a Consent Judgment of Forfeiture that will be final as to Africa prior to the Defendant's sentencing. Africa understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Africa's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. Africa hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Africa further agrees that not later than 90 days prior to his sentencing he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Africa fails to provide a complete and accurate Financial Disclosure Statement by the date he

enters his plea of guilty, or if this Office determines that Africa has intentionally failed to disclose assets on his Financial Disclosure Statement, Africa agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief. In addition, Africa consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Africa knowingly and voluntarily waives his right to any required notice concerning the forfeiture of those assets and agrees to execute any documents necessary to effectuate the forfeiture of those assets.

Immigration Consequences

Africa understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Africa understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Africa wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Africa understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Africa waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Africa. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Africa.

No provision of this agreement shall preclude Africa from pursuing, in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Africa received constitutionally ineffective assistance of counsel.

No Other Promises

      This agreement constitutes the plea agreement between Africa and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

      Sincerely,

      CRAIG CARPENITO
      United States Attorney

      *Sean Farrell*

By:  Sean Farrell
      Lee M. Cortes, Jr.
      Assistant U.S. Attorneys

APPROVED:

*James B. Nobile*
James B. Nobile
Chief, Special Prosecutions Division

- 5 -

I have received this letter from my attorney, Bruce Koffsky, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, forfeiture, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*After discussion with my client and pursuant to the Court's Standing Order 2020-07 — my client has authorized me to sign on his behalf.*

_____ for Bomani Africa   Date: 12/28/2020
Bomani Africa

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, forfeiture, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 12/28/2020
Bruce Koffsky, Esq.

Plea Agreement with Bomani Africa

Schedule A

1. This Office and Bomani Africa recognize that the United States Sentencing Guidelines are not binding on the Court. This Office and Africa nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

3. The applicable guideline is U.S.S.G. § 2E1.4, which provides that if the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used. U.S.S.G § 2E1.4 App. n.1.

4. The parties agree that the underlying conduct violates N.J.S.A. § 2C:11-3 and that the relevant Guideline for the most closely analogous federal offense is U.S.S.G. § 2A1.5. The parties further agree that because the offense resulted in the death of the Victim, U.S.S.G § 2A1.5(c)(1) directs the application of U.S.S.G § 2A1.1.

5. Pursuant to U.S.S.G § 2A1.1, the base offense level is 43.

6. As of the date of this letter, Africa has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Africa's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Africa has assisted authorities in the investigation or prosecution of Africa's own misconduct by timely notifying authorities of Africa's intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Africa's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Africa enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Africa's acceptance of responsibility has continued through the date of sentencing and Africa therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Africa's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Africa is 40 (the "agreed total Guidelines offense level"), subject to the statutory mandatory minimum term of death or life imprisonment.

9. Africa reserves the right to move for a variance based upon the factors set forth in 18 U.S.C. § 3553(a). This Office reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.

10. Africa knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from offense level 40. This Office will not file any appeal, motion, or writ that challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from offense level 40. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.