# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * * | |
| v. | * * | CRIM. NO. 22-50    (JMV) |
| BOMANI AFRICA | * * * | |

*****

## ORDER REGARDING USE OF VIDEO CONFERENCING/TELECONFERENCING FOR FELONY PLEAS AND/OR SENTENCINGS

In accordance with the operative COVID-19 standing orders, this Court finds:

[✓] That the Defendant (or the Juvenile) has consented to the use of video teleconferencing/teleconferencing to conduct the proceeding(s) held today, after consultation with counsel; and

[✓] That the proceeding(s) to be held today cannot be further delayed without serious harm to the interests of justice, for the following specific reasons:



Accordingly, the proceeding(s) held on this date may be conducted by:

[✓] Video Teleconferencing

[ ] Teleconferencing, because video teleconferencing is not reasonably available for the following reason:

    [ ] The Defendant (or the Juvenile) is detained at a facility lacking video teleconferencing capability.

    [ ] Other:



Date:   January 26, 2022

                                                                     Honorable John Michael Vazquez
                                                                      United States District Judge

## **ATTACHMENT A**

The Court finds that the guilty plea hearing to be held on January 26, 2022, cannot be further delayed without serious harm to the interests of justice, for the following reasons:

1. To permit defendant BOMANI AFRICA to obtain a speedy resolution of his case, and to timely enter his plea. Defendant BOMANI AFRICA has consented to entering his plea by way of video conference so as to prevent any further delay.

2. To permit the Government to obtain a resolution of the case so that the Government, already operating in a restricted capacity due to the emergency, may appropriately focus its resources on other, emerging criminal matters.  The Government has asked for this plea hearing to be conducted virtually in order to prevent any further delay.

3. To ensure that the Court is not overwhelmed by cases and proceedings at the conclusion of this period of emergency.  Currently, District Judges in New Jersey handle a substantially larger docket of cases than Judges in other Districts in the United States.  New criminal cases continue to be assigned by the Court during the emergency.  If the Court cannot resolve matters now by guilty plea, the resulting backlog will overwhelm the Court's ability to function effectively.  The concern of such congestion and the particular harm that likely will be caused by delays in the processing of cases and matters in the future is particularly acute in this emergency, at least given that:  (1) it is unknown when this emergency will fully subside and when the Court will be able to function at normal capacity (including, among other things, the normal, unrestricted empanelment of trial juries); and (2) this District's pre-existing shortage of District Court Judges which already has challenged the Court's ability to process and resolve cases.  This District continues to have District Judge vacancies, which the Federal Judicial Conference has deemed judicial emergencies.